**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ANDRES MEJIA-LOPEZ, | No. 11-73403 |
| Petitioner, | Agency No. A095-899-861 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2013[**]

Before:     CANBY, TROTT, and THOMAS, Circuit Judges.

Andres Mejia-Lopez, a native and citizen of Guatemala, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal

and protection under the Convention Against Torture ("CAT").  We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

Substantial evidence supports the agency's finding that Mejia-Lopez failed to establish a past threat to his life or freedom or clear probability that his life or freedom would be threatened in Guatemala on account of an imputed political opinion. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1172 (9th Cir. 2005) ("[T]he record provides no evidence that [the people petitioner feared] imputed political beliefs to [him]."), *abrogated on other grounds by Cordoba v. Holder*, 726 F.3d 1106, (9th Cir. 2013); *see also Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). Accordingly, Mejia-Lopez's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Mejia-Lopez failed to establish it is more likely than not that he would be tortured with the consent or acquiescence of the government if returned to Guatemala. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**